UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————X

LOUIS MORGAN,

          Plaintiff,

    -against-

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

          Defendants.

———————————————————————X



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 30 2006
TIME A.M.

**MEMORANDUM AND ORDER**
06-CV-0952 (SLT)

TOWNES, U.S.D.J.:

On March 2, 2006, defendants filed the instant Notice of Removal ("Pet."), seeking to remove a civil court action from Supreme Court of the State of New York, Kings County, to this Court pursuant to 28 U.S.C. § 1441(a)(1). On March 24, 2006, plaintiff filed a Notice of Motion to remand the case to the state court and for a preliminary injunction along with an accompanying affidavit ("Aff."). As discussed below, the Court denies plaintiff's motion and grants defendants' petition for removal. In addition, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

The instant action actually originated in this Court. On January 3, 2006, plaintiff, appearing *pro se*, filed an action against defendants concerning a dispute over title to an apartment that he has allegedly occupied since December 1991. *See Morgan v. Sec'y of Hous. and Urban Dev., et al.*, No. 06-CV-0035 (SLT) (E.D.N.Y.). Plaintiff invoked this Court's jurisdiction pursuant to 18 U.S.C. § 1001; however, finding that this federal criminal statute does not provide a private right of action, the Court determined that it was without jurisdiction to hear plaintiff's complaint. *Id.*, slip op. at 3-4

(E.D.N.Y. Jan. 11, 2006). Plaintiff also raised claims based on adverse possession, a matter of state law, and the Court held that they are more appropriately raised in state court. *Id.* The Court offered no opinion as to the merits of plaintiff's state law claims, which also included tort claims of fraud, misrepresentation, and trespass.

According to the defendants' petition, plaintiff commenced the instant action on or about February 2, 2006 against defendants in Supreme Court of the State of New York, Kings County. Pet. ¶ 1. Defendants request removal of this action to this Court on the basis of 28 U.S.C. § 1442(a)(1), which states that a state court action may be removed to the district court if the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof [is] sued in an official or individual capacity for any act under color of such office." Defendants argue that removal of the instant action is appropriate, as defendants are an agency and an officer of an agency of the United States. *Id.* ¶ 4.

Plaintiff's motion argues that a remand to state court is appropriate as his complaint "does not implicate any action whatsoever" by defendants. Aff. ¶ 11. Rather, plaintiff argues that "the gravamen of this action is for a declaratory judgment that [he] is entitled to ownership of the subject real property by adverse possession." *Id.* ¶ 10. Thus, plaintiff claims that 28 U.S.C. 1442(a)(1) is not a ground for removal. In addition to requesting a remand to the state court, plaintiff asks that this Court stay defendants from initiating any eviction proceedings against him. *Id.* ¶ 34.

## DISCUSSION

Removal

A civil action may be removed from state court to federal court when the removing party complies with the procedure established by Congress. *See* 28 U.S.C. §§ 1441-1452. A case that has

been removed other than in accordance with the requirements of the removal statute may be remanded to state court. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam). The burden of establishing that a case has been properly removed rests solely on the removing party. *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 425-26 (E.D.N.Y. 2001).

Plaintiff argues that he is not suing defendants for any "act" as defined in § 1442(a)(1); however, his complaint belies this assertion, as it alleges that various actions of defendants constitute fraud, misrepresentation, and trespass, for which plaintiff seeks a total of $1,000,000 in damages. *See* Compl. ¶¶ 21-32. Accordingly, defendants, an agency and an officer of an agency of the United States, have properly removed the instant action to this Court pursuant to § 1442(a)(1), and plaintiff's motion to remand is denied.

The Court is aware of the apparent contradiction in holding that removal is appropriate in the instant action, while the Court dismissed plaintiff's prior civil action for lack of subject matter jurisdiction. Plaintiff's prior action, however, invoked this Court's jurisdiction pursuant to 18 U.S.C. § 1001, a federal criminal statute that does not provide a private right of action. *See Morgan*, slip op. at 3 (E.D.N.Y. Jan. 11, 2006) (citing cases). Dismissal, therefore, was appropriate as plaintiff failed to establish that this Court had jurisdiction over his complaint.

Adverse Possession

The Court also noted that plaintiff's claims based on adverse possession are matters of state law and that federal law prohibits an action against the United States based on adverse possession. *Id.*, slip op. at 3-4; *see* 28 U.S.C. § 2409a(n). In the instant action, plaintiff reasserts a claim based on adverse possession against the Department of Housing and Urban Development ("HUD"), an

3

agency of the United States, and its Secretary, while maintaining that HUD does not have valid title to the subject premises. Compl. ¶ 13. The Court will not speculate as to whether plaintiff may have a state adverse possession claim against a non-governmental party who actually has title over the subject premises; rather, as plaintiff names HUD and its Secretary as defendants, the Court must dismiss his adverse possession claim as prohibited by the Quiet Title Act, which precludes cases against the United States based on adverse possession. 28 U.S.C. § 2409a(n).

Tort Claims

In addition, plaintiff's tort claims against defendants must be dismissed. As plaintiff names federal defendants, the Court construes plaintiff's tort claims as being brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"). Where a plaintiff seeks to recover for an act or omission of an employee of a United States agency under the FTCA, only the United States is a proper defendant. _Hylton v. Fed. Bureau of Prisons_, No. 00-CV-5747 (RR), 2002 WL 720605, at *2 (E.D.N.Y. Mar. 12, 2002); _see_ 28 U.S.C. 2679(a). The United States may not be sued unless it consents to be sued by explicitly waiving its sovereign immunity. _United States v. Sherwood_, 312 U.S. 584, 586 (1941); _Morales v. United States_, 38 F.3d 659, 660 (2d Cir. 1994). Such a waiver is a jurisdictional prerequisite to obtaining relief. _United States v. Mitchell_, 463 U.S. 206, 212 (1983). Pursuant to the FTCA, the United States has waived immunity for any injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Nevertheless, the FTCA requires the filing of an administrative claim with the relevant

federal agency before commencing an action in federal court. 28 U.S.C. § 2675(a). Plaintiff, however, fails to allege compliance with the administrative procedures under the FTCA which, in his case, entails submission of an administrative claim to HUD.[1] 28 U.S.C. § 2675(a). *See Altman v. Connally*, 456 F.2d 1114 (2d Cir. 1972) (per curiam) (complaint deficient for failing to present claim to the appropriate federal agency and a final disposition of the claim by that agency, as required by 28 U.S.C. § 2675); *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 885 F. Supp. 410, 416 (E.D.N.Y. 1994) (since notice of claim requirements under FTCA are jurisdictional, allegations of presentment of claim to appropriate agency are necessary in complaint) (citing *Healy v. United States Postal Serv.*, 677 F. Supp. 1284 (E.D.N.Y. 1987) (tort claim dismissed without prejudice where plaintiff failed to allege presentation of claim to agency)). Therefore, this Court is without jurisdiction to hear plaintiff's tort claims and they are hereby dismissed. Plaintiff's motion for a preliminary injunction is likewise denied.

## CONCLUSION

Accordingly, defendants' petition to remove the instant action is granted, and plaintiff's motion to remand and for a preliminary injunction is denied.

Furthermore, the Court dismisses the instant action.[2] Plaintiff's adverse possession claim is dismissed pursuant to 28 U.S.C. § 2409a(n) and plaintiff's tort claims are dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to close this

---

[1]"The notice of claim provided for by § 2675 is intended to supply sufficient information to permit an investigation by the appropriate federal agency and to estimate the claim's worth." *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 885 F. Supp. 410, 415 (E.D.N.Y. 1994) (citing *Johnson v. United States*, 788 F.2d 845, 848 (2d Cir.), *cert. denied*, 479 U.S. 914 (1986)).

[2]Defendants' March 6, 2006 request for an extension of time to respond to the complaint is therefore moot.

case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
March 28, 2006